FRANCIS ANDREWS, JR., RESPONDENT, v. COSMOPOLITAN LIFE, HEALTH AND ACCIDENT INSURANCE COMPANY, A CORPORATION, APPELLANT. —194 S. W. (2d) 920.

St. Louis Court of Appeals. Opinion filed March 19, 1946.

Appellant's motion for rehearing or to modify opinion overruled April 17, 1946.

*Taylor, Mayer, Shifrin & Willer* and *Louis Shifrin* for appellant.

*Frank S. Bledsoe* for respondent.

McCULLEN, J.—This suit was brought by respondent, hereinafter referred to as plaintiff, as the beneficiary named in a policy of in-

surance issued on May 13, 1940, by the appellant insurance company, hereinafter called defendant, on an application dated the same day. The policy was written on the life of Veva Andrews, who was the wife of plaintiff. The amount of insurance was $300.

A trial before the court and a jury in the circuit court resulted in a verdict and judgment for plaintiff in the sum of $300, with interest from August 19, 1942, amounting to $36, making a total of $336. Defendant duly appealed.

The answer of defendant alleged that it is a corporation organized under the insurance laws of the State of Missouri as a Stipulated Premium Plan Insurance Company, under the provisions of Article 4, Chapter 37, Revised Statutes Missouri 1939, pertaining to insurance on the stipulated premium plan. Defendant admits that it is issued the the policy in suit on May 13, 1940, but alleges that it was issued upon certain representations of the assured as to her condition of health; that the assured misrepresented material facts as to her condition of health, since she was on May 13, 1940, at the time of the issuance of the policy, suffering from pulmonary tuberculosis and diabetes mellitus, and that said condition of pulmonary tuberculosis was the cause of her death on August 17, 1942; and that said misrepresentations by the assured as to her condition of health actually contributed to and caused her death; that by reason of Section 5893, Revised Statutes Missouri 1939, (Mo. R. S. A., section 5893), and the said misrepresentations made by the assured at the time of the issuance of the policy to her, the policy is void and defendant is not liable to plaintiff under the terms of said policy.

Defendant tendered into court the sum of $46.80 as a refund of the premiums that were paid to it on the policy.

The evidence shows that Veva Andrews, the insured, died on August 17, 1942, at Koch Hospital, Koch, St. Louis County, Missouri. The cause of her death was pulmonary tuberculosis, according to defendant's Exhibit B, which was the statement made by plaintiff in presenting his claim to the defendant insurance company.

Defendant contends that the court erred in refusing to give and read to the jury its instruction in the nature of a demurrer to the evidence, offered at the close of the whole case, directing a verdict for defendant.

It is argued by defendant that an industrial policy of insurance containing a "sound health" clause, such as the one involved herein, is void under Section 5893, *supra*, if the assured died of disease suffered at the time of the issuance of the policy, even though the assured was unaware of the existence of such disease.

Defendant presents several points supported by citation of cases in support of its contentions herein, but in view of the conclusion which we have reached we deem it unnecessary to discuss said points and cases.

It will be observed that defendant alleged that it is a corporation organized as a Stipulated Premium Plan Insurance Company under the provisions of Article 4, Chapter 37, Revised Statutes Missouri 1939 (Mo. R. S. A.), pertaining to insurance on the stipulated premium plan. It admits that it issued the policy in question on May 13, 1940. Its tender back of the premiums as a refund thereof shows conclusively that it received the premiums on the policy. The evidence conclusively shows that the policy was continuously in force from the date it was issued on May 13, 1940, until the time of the death of the insured on August 17, 1942, covering a period of two years, three months, and four days.

Inasmuch as defendant not only admits, but pleads, that it is operating as a Stipulated Premium Plan Insurance Company under the provisions of Article 4, Revised Statutes Missouri 1939, *supra*, it must he held to be subject to Section 5882, Revised Statutes Missouri 1939 (Mo. R. S. A., sec. 5882), which is one of the sections which go to make up Article 4, *supra*, under which defendant was organized and doing business. Section 5882, *supra*, provides, among other things, as follows:

"And in the event of death after any policy of insurance issued by any corporation, company or association, doing business under the provisions of this article after said policy has been in force for the period of one full year, then such policy of insurance *shall be incontestable for any cause*.". (Emphasis ours.)

At the trial plaintiff introduced in evidence the policy in question, showed the death of the insured, his relationship to her, that the premiums had been paid on the policy, and that it had been in continuous force from the date of its issuance. Defendant then sought to present its defense of misrepresentation by the introduction of hospital records showing the condition of the insured's health at various times. Plaintiff objected to the introduction of such evidence on the ground that the policy, under Section 5882, *supra*, was incontestable. Plaintiff's objection was overruled and he saved his exception.

Plaintiff raised the same question again at the close of the whole case by filing a motion in which the court was requested to direct a verdict for plaintiff on the ground that the policy in question was incontestable under said Section 5882. The court refused to give such instruction to the jury and overruled plaintiff's motion, to which action plaintiff saved his exception. Thereafter, plaintiff again raised the same question by offering and requesting the court to give an instruction marked "C" which directed a verdict for plaintiff on the same ground, namely, the incontestability of the policy in question under the statute, Section 5882, *supra*. The court refused to give said instruction and plaintiff saved his exception to said action of the court.

We are of the opinion that the court should have sustained plaintiff's objections to defendant's evidence, and should have directed a verdict for plaintiff at the close of the case. The language of the statute, Section 5882, *supra,* is plain and unequivocal. It provides that when such a policy as the one involved herein has been in force "for the period of one full year" then it shall be "incontestable for any cause." There are no exceptions in said statute and we are not authorized to read into it any exceptions.

There are many cases in which were involved policies containing provisions stating that the policy, after being in force for a stated period of time, was incontestable except for nonpayment of premiums, or for misrepresentation as to age, or other exceptions; but the statute under discussion here provides for no exception whatsoever. It says plainly that the policy after being in force for one full year shall be incontestable "for any cause."

Inasmuch as the evidence herein showed conclusively that the policy was in force for a period of one full year, and much more, it was incontestable for "any cause," and defendant's evidence as to misrepresentation was incompetent and immaterial and could have no effect whatsoever upon the validity of the policy and could not defeat defendant's liability thereon.

Our Supreme Court has held that a clause in an insurance policy providing for incontestability is enforceable in accordance with its terms. Analyzing the reason and motive for such incontestability clauses in insurance contracts, the court said:

"The motive for such contracts is to put the insured at rest as to all attacks upon the validity of his policy other than the exceptions named, provided he will pay the premiums . . . and to engender in his mind a conviction that those he has undertaken to protect will not be left unprotected. To effectuate these purposes the companies now propose contracts to the insured (like the one at bar) whereby they agree for a consideration, after a time fixed by themselves, to abandon any attack upon the obligations of their contract other than for specially reserved grounds. Such agreements are lawful and should be enforced according to their terms. Not to do so is to permit the insured to be misled and induced to take out insurance under the proffer of a contract of 'imperishable security' for his beneficiary, which is nevertheless in reality open to the same attacks for false warranties which might be made in any suit brought on policies not containing that provision. This is not a construction but a misconstruction which would convert a contract not to contest into a delusion and a snare, and would permit the insurance companies, after having acquired policies taken out in faith thereof and because of such faith in many instances at a great pecuniary sacrifice, to make the *very* defenses, after the lapse of the time fixed for excluding

them, which might have been made before." [Harris v. Security Life Ins. Co. of America, 248 Mo. 304, 314, 154 S. W. 68.]

In Williams v. St. Louis Life Insurance Co., 189 Mo. 70, 83, 87 S. W. 499, it was held that where the policy ended with "Otherwise when this policy shall have been in continuous force two years from its date, it shall be thereafter incontestable except for nonpayment of premiums or understatement of age," the insurance company cannot refuse to pay the policy, which was in force for more than two years prior to the insured's death, by setting up as a defense misrepresentations and breach of warranties in securing the policy. In said Williams case the court affirmed the judgment in favor of plaintiff for the full amount of the policy, with interest thereon, and an attorney's fee.

It is true that the Harris and Williams cases, *supra,* involved policies containing incontestability clauses, whereas there is nothing to show that the policy in the case at bar contained such a clause. However, the policy was issued in this State by an insurance company which not only admits, but pleads that it was organized and is doing business under the provisions of Article 4, *supra,* which article contains the incontestability section above set forth. Therefore, Section 5882, *supra,* must be read into the policy and the policy must be construed as though it actually contained the language of said section.

In view of the undisputed evidence herein, and considering the policy in the light of Section 5882, *supra,* we hold that plaintiff was entitled to recover as a matter of law, hence matters complained of as error by defendant are immaterial. The judgment was for the right party and should be affirmed. It is so ordered. *Hughes, P. J.,* and *Anderson, J.,* concur.

### APPELLANT'S MOTION FOR REHEARING OR TO MODIFY.

McCULLEN, J.—In its motion for a "rehearing or to modify" defendant-appellant argues that if the opinion proper in this case is permitted to stand as written it will have the effect of amending section 5893, Revised Statutes Missouri 1939 (Mo. R .S. A., sec. 5893); that it means that a policy can be held void for misrepresentation only within one year after date of issuance, and not thereafter. It is sufficient to say in answer to this contention that the Legislature itself, by enacting section 5882, Revised Statutes 1939 (Mo. R. S. A., sec. 5882), limited the effect of section 5893. Said section 5893 deals with "misrepresentations" in the obtaining of a policy of insurance. Section 5882 restricts to the period of one year after the issuance of a policy the time within which the defense of misrepresentations in obtaining the policy is permissible.

Defendant further argues in its said motion that if the construction which we have given to section 5882, *supra*, is to stand, then after a policy has been in force one whole year it will not be contestable by an insurance company even though fraud entered into the procurement of the policy. We believe that is exactly what the Legislature intended by section 5882, *supra*. It means that an insurance company issuing policies on the stipulated premium plan (under Article 4 of Chapter 37, Revised Statutes Missouri 1939 (Mo. R .S. A., Article 4 of Chapter 37), is given one whole year after a policy is issued to investigate and determine whether or not the policy was procured by misrepresentations or fraud, and that after such a policy has been in force one full year such a defense is not permissible.

Defendant asserts that since the phrase "any cause," which appears in Section 5882, *supra,* cannot be construed to include nonpayment of premiums, it must necessarily follow that said phrase "any cause" cannot be construed to include fraud. We are unable to agree with defendant's contention. It must be remembered that nonpayment of premiums as a defense is not involved in this case at all. Defendant conceded that all premiums were paid. Furthermore, defendant is in error in assuming that the defense of nonpayment of premiums is in the same category as the defense of misrepresentation or fraud in the procurement of the policy. The defense of nonpayment of premiums is based upon the theory that a valid policy was issued but that the insurance provided for therein has been forfeited by nonpayment of premiums. Whereas, the defense of fraud or misrepresentation in the procurement of the policy goes to the very inception of the policy and is based on the theory that no valid policy ever existed because of fraud in the procurement thereof.

The defense of forfeiture for nonpayment of premiums is in no manner affected by Section 5882, *supra*. That section, it will be noted, provides only that the "policy" after being in force for one full year shall be incontestable. Said section places no limitation whatever on the defense of nonpayment of premiums. Nevertheless, the Legislature clearly intended that any defense challenging the validity of the policy itself should not be permitted after the policy has been in force one full year.

The motion for rehearing or to modify is overruled. *Hughes, P. J.,* and *Anderson, J.,* concur.